**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4430**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO M. SUGGS, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:06-cr-00027)

———————————

Submitted: January 30, 2008          Decided: February 19, 2008

———————————

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew M. Robinson, ROBINSON & BRANDT, PSC, Cincinnati, Ohio, for Appellant. Sharon L. Potter, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo M. Suggs, Jr. was indicted on one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). A superseding indictment was later returned charging him with: the § 922(g)(1) offense (Count One); witness tampering with intent to kill, 18 U.S.C. § 1512(a)(1)(A) (2000) (Count Two); witness tampering by use of force, 18 U.S.C. § 1512(a)(2)(A) (2000) (Count Three); and witness tampering through corrupt persuasion, 18 U.S.C. § 1512(b)(1) (2000) (Count Four). The district court granted Suggs' motion to bifurcate. At his first trial, Suggs was convicted on Count One. At the subsequent trial, he was convicted on Counts Two and Three and acquitted on Count Four. He was sentenced to 324 months in prison. We affirm.

I

Suggs first contends that the evidence was insufficient to convict him on any of the three counts. When addressing a challenge to the sufficiency of the evidence, we consider whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). If substantial evidence exists to support a verdict, the verdict must

be sustained.  Glasser, 315 U.S. at 80.  We do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in favor of the Government.  United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Firearm Conviction

To establish a violation of § 922(g)(1), the Government must prove that: the defendant was a convicted felon; he knowingly possessed the firearm; and the firearm traveled in interstate commerce.  United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).[1]  Here, the parties stipulated that Suggs was a convicted felon and that the firearm, a Phoenix Arms .22 handgun, had the requisite interstate commerce nexus.

The disputed issue, therefore, is possession, which may be actual or constructive.  Gallimore, 247 F.3d at 136-37.  Timothy Sears testified that on March 1, 2006, he and Salih el Mohammad got into a car with Suggs and Blair Thompson.  Suggs was driving, Thompson was in the front passenger seat, and Mohammad and Sears were in the back seat.  Sears observed both Suggs and Thompson with handguns, "waving them around jokingly."  At one point, Suggs placed his gun near Thompson's face.

---

[1] Contrary to Suggs' argument on appeal, physical evidence linking the defendant to the firearm is not necessary to convict under 18 U.S.C. § 922(g)(1).

Officer Steven Falbo, of the Weirton, West Virginia, police department, testified that on March 1, 2006, at approximately 3:30 a.m., he initiated a traffic stop of the car Suggs was driving. Suggs was the sole occupant of the car. Sergeant Bruce Marshall testified that he retrieved a Phoenix Arms .22 handgun from under the driver's seat of the vehicle.

Based on the above testimony, we find the evidence sufficient to establish possession. Not only did Sears' testimony establish actual possession, but the officers' testimony established that Suggs constructively possessed the gun. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (constructive possession of contraband exists if defendant has ownership, dominion, or control over the contraband or premises or vehicle in which contraband discovered).

## Witness Tampering

The Government's theory at the second trial was that, when Suggs learned that Sears had given a written statement to the police and had been subpoenaed to testify at trial on Count One, Suggs resolved to kill Sears before he could testify. Thus, on July 21, 2006--five days before the trial on Count One was originally scheduled to begin--Suggs broke into Sears' home, where he shot both Sears and Sears' mother, Rhonda West, intending to kill Sears.

- 4 -

To establish a violation of 18 U.S.C. § 1512(a)(1)(A), the United States had to prove that Suggs knowingly attempted to kill Sears and that he did so in order to prevent Sears' attendance or testimony at the first trial.  See United States v. Rose, 362 F.3d 1059, 1067 (8th Cir. 2004).  To establish a violation of 18 U.S.C. § 1512(a)(1)(B), the United States had to prove that Suggs used the threat of physical force with the intent of curtailing Sears' involvement in the prosecution.  See United States v. England, 507 F.3d 581, 588 (7th Cir. 2007).

Sears testified that on July 5, 2006, he ran into Suggs at a bar.  It was clear to Sears that Suggs knew that Sears had made a statement to the police concerning the firearm offense.  The men argued.  Suggs insisted to Sears that there had been no guns in the car.  Sears replied that he would not lie for Suggs.

Sears also testified that on July 21, 2006, he heard a loud bang at the side door and saw an intruder enter his home.  The intruder had a silver handgun, which he pointed at Sears' head.  Sears recognized the intruder as Suggs.  Sears said, "No, Ricky, you don't got to do this, Man.  I ain't going to go down there.  I ain't going to say nothing to the court."  Suggs replied, "I told you."  Suggs then attempted to shoot Sears, but the gun jammed several times.  Rhonda West, Sears' mother, also pleaded with Suggs, saying that no one would testify.  Suggs replied, "This ain't got nothing to do with you, Shorty."  There was testimony

that Suggs often referred to women as "Shorty." Suggs walked around the room, attempting to get a clear shot at Sears, whom West was trying to protect with her body. Suggs eventually fired two shots, hitting Suggs in the forearm and West in the hand. Sears testified that he was certain the intruder was Suggs. Similarly, West knew that the assailant was Suggs, and she addressed him as "Ricky" when begging him not to shoot and promising there would be no testimony.

Jamol Alexander testified that on the night of July 20, 2006, he and Suggs went to a bar. Suggs mentioned that someone had "snitched" on him. Alexander realized that Suggs was speaking of Sears. Suggs informed Alexander that he would have to "murk" Sears to prevent his testimony. "Murk" is slang for "murder." Suggs asked Alexander whether he had a gun, and when Alexander replied that he did, Suggs asked to purchase it.

Suggs and Alexander left the bar and drove to Alexander's home, which is in Sears' neighborhood. Suggs asked to ride by Sears' home. The men drove around Sears' block twice, and Suggs remarked that Sears was home. Alexander gave Suggs a gun. Suggs told Alexander that he would be paid for the gun if Alexander kicked Sears' door in. Alexander kicked the door open and ran away. A few minutes later, Suggs returned to Alexander and announced, "I got him. I shot him and his mom. I think I murked him."

This evidence was sufficient to convict Suggs on both Counts Two and Three. There was overwhelming evidence that Suggs was the assailant who broke into Sears' home and shot both Sears and his mother. Further, with respect to Count Two, the evidence conclusively showed that Suggs attempted to kill Sears. He announced to Alexander his intent to murder Sears in order to prevent his testimony at the firearm trial, and he tried to shoot Sears in the head. With respect to Count Three, the evidence established that Suggs used physical force against both Sears and West in an effort to prevent Sears' imminent testimony.

II

Suggs contends that the district court erred at the trial on Count One when it permitted the introduction of evidence that officers found cocaine and marijuana in Suggs' car and evidence that Suggs shot Sears and West. Suggs further contends that the district court erred at the second trial when it permitted the introduction of certain crime scene photographs and a 911 recording. We review the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). We find no merit to Suggs' arguments.

Testimony about drugs found in Suggs' car was intrinsic to the charged offense and admissible to complete the story of the crime. See United States v. Higgs, 353 F.3d 281, 311 (4th Cir.

- 7 -

2003); <u>United States v. Kennedy</u>, 32 F.3d 876, 885 (4th Cir. 1994). The drugs were found contemporaneously with and in the same location as the gun. Additionally, Sgt. Marshall discovered the gun after his canine officer alerted to the presence of drugs in the car.

Sears' testimony at the first trial about Suggs' attempt to persuade Sears not to testify and about the shootings was admissible under Fed. R. Evid. 404(b). We have held that "[e]vidence of witness intimidation is admissible to prove conciousness of guilt and criminal intent under [Rule] 404(b), if the evidence (1) is related to the offense charged and (2) is reliable." <u>United States v. Hayden</u>, 85 F.3d 153, 159 (4th Cir. 1996). Here, the evidence was related to the firearm offense because it showed that Suggs was trying to dissuade Sears from testifying. Further, the evidence was reliable, as it came from Sears himself. Finally, given the overwhelming evidence that Suggs possessed the gun, the introduction of testimony about the shootings did not result in undue prejudice. <u>See</u> Fed. R. Evid. 403.

Suggs also contests the admission at the second trial of a tape of Rhonda West's 911 call. We conclude that the recording was admissible under Fed. R. Evid. 803(6) because it constitutes a record kept in the course of a regularly conducted business activity. The tape's probative value did not outweigh the chance

of any unfair prejudice to Suggs, given the powerful testimony by Sears, West, and Alexander.

At the second trial, photographs of the crime scene were admitted into evidence. Some of the photographs showed children's toys near pools of blood. Admission of these photographs was not an abuse of discretion. Rather than inflaming the passions of the jury, the photographs merely completed the story of the crime. Again, given the substantial testimony against Suggs, there is no chance that introduction of the photographs unduly prejudiced his defense.

III

We review a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), to determine whether it is "within the statutorily prescribed range" and reasonable. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Here, Suggs' sentence was statutorily authorized. Reasonableness review requires us to consider whether the chosen sentence constitutes an abuse of discretion. United States v. Pauley, No. 07-4270, 2007 WL 4555520, at *5 (4th Cir. Dec. 28, 2007). In making this decision, we first examine the sentence "for significant procedural errors." Id. There were no such errors in this case. We note that the sentencing court: correctly calculated the advisory guideline

range of 324-405 months;[2] heard from the parties regarding an appropriate sentence; and considered the factors[3] set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Id.; see Gall v. United States, No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007). Our reasonableness review also requires us to consider the substance of the sentence, taking into account "the totality of the circumstances." Pauley, 2007 WL 4555520, at *5. Having carefully reviewed the record, we conclude that Suggs' sentence is reasonable.

IV

We accordingly affirm Suggs' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]We reject Suggs' contention that the district court engaged in inappropriate judicial factfinding when it calculated his base offense level and determined that his offense level should be enhanced based on obstruction of justice and serious bodily injury to the victims. After Booker, as before, facts used in setting a sentence at or below the statutory maximum are determined by the judge based on a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

[3]The district court adequately considered the statutory factors prior to imposing sentence. We note that a sentencing court need not "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007).